**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LEO TECHNOLOGIES, LLC**<br>1515 S. Capital of Texas Hwy.,<br>Suite 220<br>Austin, Texas 78746,<br><br>**Plaintiff,**<br><br>**-vs-**<br><br>**FLASH AI, LLC**<br>91 S. 30th Street<br>Newark, Ohio 43055<br><br>**Defendant.** | : | **Case No. 2:26-cv-00829**<br><br>**Judge____________________**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Leo Technologies, LLC ("LeoTech"), by and through counsel, files this Complaint against Flash AI, LLC d/b/a Flash AI ("Flash AI") and states as follows:

**NATURE OF THE ACTION**

1. This action arises from false and misleading representations made by Flash AI to the Ohio Department of Rehabilitation and Correction ("ODRC") on or about April 6, 2026, which Flash AI used to secure a substantial contract from ODRC in connection with ODRC's Request for Proposal for Offender Communication Monitoring and Transcription Services ("RFP").

2. As a competing bidder on the RFP, LeoTech has been, and continues to be, injured by Flash AI's deceptive practices and unlawful conduct.

3. LeoTech asserts claims for false or misleading representations under the federal Lanham Act, Ohio's Deceptive Trade Practices Act, and common law.

## THE PARTIES

4. LeoTech is a Delaware limited liability company authorized to do business in the State of Ohio and maintains its principal place of business in Travis County, Texas, at 1515 S. Capital of Texas Hwy., Suite 220, Austin, Texas 78746.

5. Upon information and belief, Flash AI is an Ohio limited liability company that maintains its principal place of business in Licking County, Ohio, at 91 South 30th Street, Newark, Ohio 43055.

## JURISDICTION AND VENUE

6. This is an action for unfair competition and deceptive trade practices in violation of the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*. and Ohio state law. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(b), and 15 U.S.C. § 1121(a). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

7. The Court has personal jurisdiction over Flash AI because Flash AI is a resident of Ohio, maintains its principal place of business in Ohio, and made the false and misleading representations to ODRC giving rise to LeoTech's claims in this judicial district.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Flash AI is a resident of this judicial district and made the false and misleading representations to ODRC alleged herein in this judicial district.

## THE FACTS

9. LeoTech is a leading provider of cutting-edge technology solutions specializing in AI-powered investigative intelligence for the public safety and criminal justice sectors.

10. LeoTech's proprietary Verus™ software platform delivers near-real-time transcription, translation, and continuous monitoring of authorized custodial communications.

11. LeoTech's Verus™ platform has processed over 4.5 billion minutes of conversations and 1 billion calls in production with 99.99% uptime.

12. LeoTech's customers have deployed LeoTech's Verus™ platform across multiple Departments of Correction and large-scale incarceration systems.

13. As of March 27, 2026, LeoTech's Verus™ platform supported 13,738 users across nineteen states, including fourteen Departments of Correction and 224 agencies covering 252 facilities.

14. LeoTech's Verus™ platform processes communications at enterprise scale while maintaining consistent performance and operational continuity.

15. As stated in the RFP, ODRC is the largest state agency in the State of Ohio and the fifth largest prison system in the nation, consisting of twenty-five (25) state-administered adult correctional institutions and three (3) privately-operated institutions.

16. ODRC issued the RFP to provide an offender communications analytics platform to increase the safety and security of designated corrections facilities, be accessible to law enforcement, and contribute to a safer Ohio.

17. ODRC's stated goal for the RFP was to provide a software-as-a-service, web-based online software analytics platform that integrates with existing offender communication systems and uses AI to analyze offender communications to provide threat detection, and analytical support for targeted and emergent intelligence-led investigations.

18. LeoTech submitted a bid proposal in response to the RFP.

19. Flash AI also submitted a bid proposal in response to the RFP.

20. On or about May 27, 2026, ODRC awarded Flash AI a contract as the winning bidder to the RFP ("Contract").

21. The Ohio Secretary of State's records reflect that Flash AI was formed in October 2025.

22. Upon information and belief, Flash AI did not have a paying customer prior to executing the Contract with ODRC.

23. On or about May 28, 2026, ODRC notified LeoTech that Flash AI and ODRC executed the Contract.

24. Promptly thereafter, LeoTech issued a public records request to ODRC related to the RFP ("Records Request").

25. Information provided by ODRC in response to LeoTech's Records Request shows that Flash AI unlawfully made false and misleading material representations to ODRC in connection with Flash AI's response to the RFP.

26. For example, Flash AI misrepresented that it was prepared to implement its Flash Signal system fully and immediately upon Contract execution.

27. Upon information and belief, Flash AI was not capable of implementing its Flash Signal system fully and immediately on the scale required by the RFP when Flash AI responded to the RFP.

28. Upon information and belief, Flash AI was not capable of implementing its Flash Signal system fully and immediately on the scale required by the Contract when the ODRC awarded the Contract to Flash AI.

29. Upon information and belief, Flash AI is not currently capable of implementing its Flash Signal system fully and immediately on the scale required by the Contract.

30. Upon information and belief, Flash AI needs to hire and train at least two dedicated platform support specialists to fully implement its Flash Signal system.

31. Flash AI's own documents show that it would take at least twelve weeks for Flash AI to fully implement its Flash AI system at ODRC.

32. Flash AI misrepresented that it has extensive experience working with multiple Ohio state and law enforcement agencies processing the categories of data that correctional institutions generate every day.

33. When Flash AI responded to the RFP, Flash AI had only existed for approximately six months and, upon information and belief, only had experience administering a very small number of pilot programs and demonstrations.

34. Flash AI misrepresented and misleadingly suggested that Flash AI worked hands-on with multiple Ohio state and law enforcement agencies beginning in 2023.

35. Flash AI does not identify any individuals who worked hands-on with such agencies beginning in 2023. Moreover, because Flash AI did not come into existence until October 2025, Flash AI could not have been working hands-on with any agencies at any time before then, let alone all the way back to 2023.

36. Flash AI misrepresented that it meets all applicable Criminal Justice Information System ("CJIS") Security Policy controls.

37. For example, Flash AI acknowledges its system cannot support a Privileged Access Management solution.

38. Flash AI also admits that it fails to maintain ransomware backup-protection.

39. Additionally, upon information and belief, Flash AI still has not conducted a privacy impact assessment.

40. Upon information and belief, Flash AI further misrepresented its ability to perform its obligations under the Contract at the price that Flash AI offered.

41. Flash AI made false statements concerning, and omitted material facts regarding, the reasons that Flash AI is offering its solution at a reduced rate.

42. Specifically, the price included in Flash AI's bid proposal is highly speculative given that Flash AI's Flash Signal system is unproven at the scale required by the RFP and Flash AI does not currently employ the number of individuals required to perform the required services.

43. Flash AI's false and misleading representations are material because Flash AI made those statements directly to ODRC in writing and, upon information and belief, expected and intended ODRC to rely on and use those statements, in whole or in part, as a basis to award the Contract to Flash AI.

44. Upon information and belief, but for Flash AI's false and misleading material representations to ODRC and material omissions, ODRC would have awarded the Contract to LeoTech.

45. LeoTech has been harmed as a result of Flash AI's false and misleading representations and material omissions to the extent they caused ODRC to award the Contract to Flash AI.

46. Flash AI's false and misleading representations and material omissions are irreparably injuring LeoTech because, among other things, these statements and omissions are likely to cause LeoTech to lose sales and relative share in the market for AI-powered investigative intelligence for the public safety and criminal justice sector.

## CLAIM I
## UNFAIR COMPETITION UNDER THE LANHAM ACT

47. LeoTech incorporates the foregoing paragraphs as though fully set forth here.

48. Flash AI made false or misleading descriptions of fact and/or false or misleading representations in commerce in connection with its goods and services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. By way of example and not limitation, Flash AI made representations to ODRC in a commercial promotion that misstated and/or failed to disclose material facts about Flash AI's system, system capabilities, and experience, including Flash AI's ability fully and immediately to implement its program, meet all applicable CJIS requirements, and perform fully pursuant to the Contract at the price that Flash AI offered.

50. As a direct and proximate result of Flash AI's false and misleading representations, LeoTech is suffering actual economic injury, including the loss of a contract with ODRC and the resulting revenues and profits.

51. As a direct and proximate result of Flash AI's false and misleading representations alleged herein, LeoTech is suffering immediate and irreparable injury to its goodwill and reputation.

52. Unless restrained by the Court, Flash AI will continue to make false and misleading statements about Flash AI's Flash Signal system and will continue to profit from those false and misleading statements, leading LeoTech to suffer further irreparable injury and harm for which it has no adequate remedy at law.

## CLAIM II
## UNFAIR COMPETITION
## UNDER THE OHIO UNIFORM DECEPTIVE TRADE PRACTICES ACT

53. LeoTech incorporates the foregoing paragraphs as though fully set forth here.

54. Flash AI's conduct constitutes unfair competition and deceptive trade practices in violation of the Ohio Uniform Deceptive Trade Practices Act, O.R.C. § 4165.01, *et seq*.

55. Flash AI's commercial claims about Flash AI's experience, ability to implement its program, and meet all applicable CJIS requirements misrepresent the characteristics, ingredients, approval, uses, benefits, or quantities of Flash AI's Flash Signal system.

56. Flash AI's commercial claims about the cost of Flash Signal have a tendency to deceive, and upon information and belief have deceived, ODRC because Flash AI cannot provide the required services at the offered price.

57. As a direct and proximate result of Flash AI's false and misleading representations alleged herein, LeoTech is suffering actual economic injury, including the loss of a contract with ODRC and the resulting revenues and profits.

58. As a direct and proximate result of Flash AI's false and misleading representations alleged herein, LeoTech is suffering immediate and irreparable injury to its goodwill and reputation.

**CLAIM III**
**UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES UNDER OHIO COMMON LAW**

59. LeoTech incorporates the foregoing paragraphs as though fully set forth here.

60. Flash AI's conduct constitutes unfair competition and deceptive trade practices in violation of Ohio common law.

61. Flash AI's false and misleading representations about Flash AI's Flash Signal system outlined herein are material and have a tendency to deceive, and upon information and belief have deceived, ODRC because, among other things, they influence and influenced decisions concerning the award of substantial public contracts.

62. Flash AI's false and misleading representations about Flash AI's Flash Signal system outlined herein are material and have a tendency to deceive, and upon information and

belief have deceived, ODRC because they unfairly disadvantaged, and continue to disadvantage, LeoTech and other businesses that compete directly with Flash AI.

63. Flash AI's false and misleading statements about Flash AI's Flash Signal system were willful because Flash AI knew the statements were untrue and made those representations with the intent to induce customers like the ODRC into awarding contracts to Flash AI and not to Flash AI's competitors.

64. As a direct and proximate result of Flash AI's false and misleading representations alleged herein, LeoTech is suffering actual economic injury, including the loss of a contract with ODRC and the resulting revenues and profits.

65. As a direct and proximate result of Flash AI's false and misleading representations alleged herein, LeoTech is suffering immediate and irreparable injury to its goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, LeoTech prays that the Court enter judgment in LeoTech's favor on all Counts and award the following relief:

1. That the Court enter a preliminary and permanent injunction against Flash AI and each of its owners, officers, affiliates, subsidiaries, associates, directors, officers, agents, servants, and employees and all others acting under Flash AI's direction or control or acting in concert therewith, from continuing to make false or misleading representations about the nature, characteristics, qualities, quantities, or benefits of Flash AI's products and services;

2. That the Court order Flash AI to notify ODRC immediately that Flash AI made false or misleading representations to ODRC regarding Flash AI's Flash Signal system;

3. That the Court order Flash AI to disgorge its profits and the Court award LeoTech treble the disgorged profits pursuant to 15 U.S.C. § 1117(a);

4. That the Court award LeoTech compensatory damages in an amount to be proven at trial;

5. That the Court award LeoTech punitive damages;

6. That the Court find this to be an exceptional case and award LeoTech its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and/or Ohio Revised Code § 4165.03(B) and costs;

7. That the Court award LeoTech prejudgment interest at the maximum legal rate; and

8. That the Court award LeoTech such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ T. Earl LeVere*

T. Earl LeVere, Trial Attorney
Kristina Dahmann
Ryland A. Doerr
**ICE MILLER LLP**
250 West Street, Suite 700
Columbus, Ohio 43215
T: 614.462.2700
F: 614.462.5135
Earl.LeVere@icemiller.com
Kristina.Dahmann@icemiller.com
Ryland.Doerr@icemiller.com
*Counsel for Plaintiff Leo Technologies, LLC*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury to the extent authorized by law.

*/s/ T. Earl LeVere*