IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| LEO TECHNOLOGIES LLC, | : | Case No. 26 CV 006356 |
| | : | |
| Plaintiff, | : | Judge Andria C. Noble |
| | : | |
| v. | : | |
| | : | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, et al., | : | |
| | : | |
| Defendants. | : | |

DECISION AND ENTY DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter came before the Court on July 16, 2026, for a hearing on Plaintiff Leo Technologies, LLC's motion for a temporary restraining order. Plaintiff was present, represented by Attorney Kristina Dahmann. Defendant Ohio Department of Rehabilitation and Correction was present, represented by Attorney Scott Sheets. Defendant Flash AI, LLC was present, represented by Attorney Marc Kessler. Defendant The Kiwi Group, Inc. was served with copies of the motion and the pleadings, but was not present or represented by counsel.

**I. Facts and Procedural History:**

On March 17, 2026, the Defendant Ohio Department of Rehabilitation and Correction ("ODRC") issued a Request for Proposal ("RFP") seeking a vendor to provide a web-based software platform using artificial intelligence ("AI") to analyze offender communications. See *Ex. 1 to Complaint* at p. 2. The objective was to provide "threat detection and analytical support for targeted and emergent intelligence-led investigations" to increase the safety and security of Ohio's prisons. *Id*.



EXHIBIT
B

Plaintiff Leo Technologies, LLC ("LeoTech"), Defendant Flash AI, LLC ("Flash AI") and Defendant The Kiwi Group, Inc. ("Kiwi Group") submitted proposals in response to the RFP. ODRC awarded the contract to Flash AI after an evaluation process that resulted in Flash AI being the highest scoring candidate and LeoTech being the lowest scoring candidate. *Affidavit of Vinko Kucinic*, ¶ 3-4; *Ex. 6 to Complaint*. The contract between ORDC and Flash AI (the "Contract") was executed on May 27, 2026, and is set to expire at the end of the state's budget biennium, June 30, 2027. *Ex. 1* at p. 30. Work began on the Contract on June 10, 2026, and remains ongoing.

On July 10, 2026, LeoTech initiated this action by filing a Complaint against ODRC, Flash AI and Kiwi Group for declaratory judgment and injunctive relief. LeoTech also filed contemporaneous motions for temporary restraining order and preliminary injunction.

LeoTech requests that the Court: (1) enjoin ODRC from executing or otherwise authorizing Flash AI, Kiwi Group, or any other third party to perform any work on the Contract, (2) enjoining Flash AI and Kiwi Group from performing any work on the Contract, and (3) barring ODRC from making any payment to Flash AI, Kiwi Group, or any other third party for work performed on the contract until the Court has the opportunity to rule on the merits of LeoTech's claim for declaratory judgment.

LeoTech further requests that the Court enter a preliminary injunction ordering that ODRC conduct a new RFP for the contract with neutral evaluators and updated technical scoring criteria to cure conflicts of interest and scoring deficiencies, which LeoTech alleges pervaded the first RFP.

## II. Law and Analysis:

### a. The Standard for Injunctive Relief:

A temporary restraining order is a form of relief intended to prevent the applicant from suffering immediate and irreparable harm, injury or damage. Civ.R. 65(A); *Coleman v. Wilkinson*,

147 Ohio App.3d 357, 358, 2002 Ohio 2021, 770 N.E.2d 637 (2002). Ohio courts have long recognized that:

> The purpose of a temporary injunction is to preserve and protect the ability of the court to provide an effective judgment on the merits. It is not intended as a remedy for the litigant. Rather, it is a necessary adjunct to the administration of justice, intended as a means of preserving the court's ability to grant effective, meaningful relief after a determination of the merits.

*Gobel v. Laing*, 12 Ohio App. 2d 93, 94, 231 N.E.2d 341 (1967).

In determining whether injunctive relief should be granted, the court must examine four factors: (1) whether the evidence presents a substantial likelihood that plaintiff will prevail on the merits, (2) whether denying the injunction will cause plaintiff to suffer irreparable injury, (3) whether granting the injunction will cause third parties to suffer unjustifiable harm, and (4) whether the injunction will serve the public interest. *Vanguard Transp. Sys., Inc. v. Edwards Transfer & Storage Co., Gen. Commodities Div.*, 109 Ohio App.3d 786, 790, 673 N.E.2d 182 (1996). Each element must be established by clear and convincing evidence. *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267, 747 N.E.2d 268 (2000).

Particular caution is required where, as here, "the court is asked to interfere with or suspend the operation of important works or to control the action of another department of government." (Internal quotations omitted.) *Cementech Inc. v. City of Fairlawn*, 109 Ohio St. 3d 475, 2006-Ohio-2991, ¶ 10, 849 N.E.2d 24, quoting *Danis Clarkco Landfill Co. v. Clark C. Solid Waste Mgt. Dist.*, 73 Ohio St.3d 590, 604, 643 N.E.2d 656 (1995). In fact, public offices and officers are entitled to a presumption of regularity and "will be presumed to have properly performed their duties [and] acted in a lawful manner." *Cedar Bay Constr. v. City of Freemont*, 50 Ohio St.3d 19, 22 (1990).

The substantive standard used in "disappointed bidder" public contracting cases under Ohio law is whether the agency abused its discretion. *United HealthCare Servs. v. Ohio Dep't of*

*Admin. Servs.*, Franklin C.P. No. 16CV-5023, 2016 Ohio Misc. LEXIS 73, *4 (June 29, 2016). "[T]his standard gives 'a public authority * * * considerable latitude in making its decision' and that 'a public authority may consider all relevant factors in this evaluation of which submitted bid is best. * * * [T]his discretion is not vested in the courts and the courts cannot interfere unless it clearly appears that the public authority is abusing the discretion so vested in it.'" *Id*. citing *State ex rel. Associated Builders & Contractors of Cent. Ohio v. Franklin Cty. Bd. of Commrs.*, 125 Ohio St.3d 112, 2010-Ohio-1199, ¶ 22, 926 N.E.2d 600; *Monarch Construction Co. v. Ohio School Facilities Comm.*, 150 Ohio App.3d 134, 2002-Ohio-6281, 779 N.E.2d 844 (10th Dist.).

This case arises from an RFP issued pursuant to R.C. 125.071. The Tenth District Court of Appeals has held that "Ohio's RFP process gives public agencies 'broad discretion to fashion their own rules' which are even more flexible than agencies have available in other types of public purchasing." *Id*. at *5, citing *Modern Office Methods Inc. v. Ohio State Univ.*, 10th Dist. Franklin No. 11AP-1012, 2012-Ohio-3587, ¶ 23, 975 N.E.2d 523.

**b. Status Quo:**

"The primary goal of preliminary injunctive relief 'is to the preserve the status quo pending final determination of the matter.'" *Thompson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09-782, 2010-Ohio-416, ¶ 24, quoting *Ohio Urology, Inc. v. Poll*, 72 Ohio App.3d 446, 454, 594 N.E.2d 1027 (10th Dist. 1991). In fact, LeoTech seeks to void a contract under which performance is ongoing and restart the RFP and evaluation process. The evidence establishes that Flash AI is actively working with ORDC to monitor and transcribe inmate calls using its software, Flash Signal. Currently, 178 ODRC employees have completed training on Flash Signal and its use is expanding. In just one month, Flash Signal to has led to several successful conveyance

interventions, meaning it has helped stop contraband from entering ODRC's institutions and it has helped investigators identify incarcerated persons involved in assaults and robberies.

If the temporary order were granted, it would halt the ongoing use of Flash Signal and the monitoring and transcriptions services it facilitates. ODRC would be forced to revert to its previous system for reviewing phone calls, which is slower and less efficient, does not produce reports or flag calls, and has no analytical capability. This would require ODRC employees to expend more time manually performing functions Flash Signal does automatically, and would increase the risk that crimes and other security threats could go undetected. Moreover, significant effort and costs would be involved if the contract were halted and/or if ODRC was forced to the restart RFP process and switch vendors. Flash Signal is a custom product, with different interfaces and features than the other custom products proposed by LeoTech and Kiwi Group. Changing vendors would mean that all 178 of ODRC's current users of Flash Signal would have to be retrained with the new product. Additionally, all of the call data previously ingested by Flash Signal would have to be reingested by the new vendor' software. Accordingly, the Court finds that the relief LeoTech seeks would cause a significant disruption to the status quo.

**c. Substantial Likelihood of Success on the Merits:**

LeoTech's claim for declaratory judgment is moot as Flash AI commenced performing work under the Contract on July 10, 2026 and continues to do so at the present time. Under Ohio law, "once the public-improvement work commences or is completed, the rejected bidder will not be able to perform the public contract even if the bidder demonstrates that its bid was wrongfully rejected." *Meccon, Inc. v. Univ. of Akron*, 125 Ohio St.3d 231, 2010-Ohio-3297, ¶ 12, 933 N.E.2d 231.

Even if LeoTech's claim were not moot, it has failed to show by clear and convincing evidence that it has a substantial likelihood of success on the merits. ODRC had considerable discretion pursuant to the RFP's plain language and Ohio law. R.C. 125.11 provides "contracts awarded pursuant to a competitive sealed proposal shall be awarded to the offeror determined to be the most advantageous to this state." Moreover, R.C. 127.071 provides, that a contract "[a]ward may be made to the offerors whose proposals are determined to be the most advantageous to this state, taking into consideration factors such as price and the evaluation criteria set forth in the request for proposals." This is exactly what occurred here.

Based on the RFP's formula, which considered price pursuant to state law as well as the technical scores, ODRC determined that Flash AI's proposal would be most advantageous to the state because Flash AI was the highest scoring candidate. Any difference in the technical scores was overshadowed by the vast price differences between LeoTech and Flash AI's proposals. Accordingly, LeoTech cannot establish that ODRC officials abused their discretion in how they structured or evaluated the RFP.

**d. Irreparable Harm to Plaintiff:**

LeoTech argues that it will suffer irreparable harm because if the temporary restraining order is not granted because it will be deprived of its opportunity to participate in an open and honest competition through the RFP process. However, the harm asserted by LeoTech is purely speculative since it assumes that it would be the successful offeror if this Court orders ODRC to restart the RFP process. Furthermore, as ODRC argued at the hearing, while LeoTech may have lost out of this contract, it still has the opportunity to bid for other contracts with ODRC or another government agency in the State of Ohio. In fact, if ODRC elects not renew with Flash AI when the

current Contract expires next June, the RFP process would start over and LeoTech would have the opportunity to submit a proposal.

**e. Harm to Third Persons/Public Interest:**

Finally, the interest of third parties, including ODRC employees and those incarcerated at its institutions as well as the public would be harmed if ongoing security and investigative efforts were halted. Attempts to convey drugs, weapons, cell phones, and other contraband into ODRC institutions would be harder to thwart. Overall safety and security would be jeopardized. The public's interest is also not served through a state entity paying 5.5 times more for a similar product that it could, and did attain for much less.

For the reasons set forth above, the Court finds that LeoTech's motion for a temporary restraining order is not well taken and is DENIED. This matter is referred to Magistrate Thompson for a hearing on the motion for a preliminary injunction.

IT IS SO ORDERED.

*Signature page attached*
Judge Andria C. Noble

**Copies to all parties and counsel.**

Franklin County Court of Common Pleas

| | |
|---|---|
| **Date:** | 07-27-2026 |
| **Case Title:** | LEO TECHNOLOGIES LLC -VS- OHIO DEPT OF REHABILITATION AND CORRECTI ET AL |
| **Case Number:** | 26CV006356 |
| **Type:** | DECISION/ENTRY |

It Is So Ordered

/s/ Judge Andria C. Noble

Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Jul 27 3:04 PM-26CV006356

# Court Disposition

Case Number: 26CV006356

Case Style: LEO TECHNOLOGIES LLC -VS- OHIO DEPT OF REHABILITATION AND CORRECTI ET AL

Motion Tie Off Information:

1. Motion CMS Document Id: 26CV0063562026-07-1099690000

   Document Title: 07-10-2026-MOTION FOR TEMPORARY RESTRAINING ORDER - PLAINTIFF: LEO TECHNOLOGIES LLC

   Disposition: MOTION DENIED