# EXHIBIT Y
# Datashare Agreement

# DATASHARE AGREEMENT BETWEEN

# THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

# AND

# Flash AI LLC (Flash AI)

## INTRODUCTION

This Agreement (hereinafter the "Agreement") is entered into between the Ohio Department of Rehabilitation and Correction (hereinafter "ODRC"), Flash AI LLC (Flash AI) and the jointly referred hereinafter as “the Parties” and individually as “Party.”

The purpose of this Agreement is to continue the collaborative efforts of the Parties with the sharing of ODRC owned information from certain ViaPath systems in the Flash AI LLC (Flash AI) platform. The sole and exclusive purpose and permitted use by the Flash AI LLC (Flash AI) of the information is to assist Flash AI LLC (Flash AI) in performing its obligations in accordance with applicable laws, rules, and regulations.

The Parties agree to only use the shared information for lawful purposes and within the terms and conditions set forth in the Agreement.

The Flash AI LLC (Flash AI), Manager is Eric Leach, or successor.

The ODRC Agreement Manager is Vinko Kucinic, or successor.

## TERMS AND CONDITIONS

1. Proposed Use: The Parties agree that the Proposed Use includes appropriate, authorized law enforcement and corrections activity of the Parties. The Proposed Use does not include the use, distribution, disclosure or sharing of the information except as specifically authorized by this Agreement. The Parties hereby consent to the Proposed Use as long as this Agreement is in full force and effect and all Parties are in full compliance with its terms.

2. Cost: The Parties agree that no cost or compensation will be provided for the performance of responsibilities under this Agreement.

3. Facilitation of User Accounts: ODRC agrees to facilitate and provide the creation of user accounts for certain Flash AI LLC (Flash AI) employees to access ODRC owned information through Flash AI LLC (Flash AI) platform, on the condition that such employees only access the information for the Proposed Use. Flash AI LLC (Flash AI) is permitted to have user accounts to access ODRC owned information from certain ViaPath systems in the platform for Mansfield Correctional Institution. The Parties further agree that ODRC is providing the information and data “as is” and without any Flash AI LLC (Flash AI) representation or warranty of any kind, including accuracy and completeness. Flash AI LLC (Flash AI) acknowledges and accepts that the information and data is being provided by ODRC “as is,” and without any representation or warranty of any kind.

EXHIBIT
Y

4. Term: This Agreement shall commence on the date data is transferred from GTL/Viapath to Flash AI LLC (Flash AI), after the last signature by the Party representatives and continue for a period of 90 days.

5. Termination:

   a. This Agreement may be terminated at the convenience of either Party without cause upon thirty (30) calendar days' written notice of termination to the other party. Notice of termination shall be sent or otherwise delivered to the other Party representative signing this Agreement.
   b. This Agreement may be terminated immediately in the event there is a loss of funding, disapproval by a federal administrative agency, or upon discovery of a Party's non-compliance with any federal or state law, rule, or regulation. In the event of termination pursuant to this Section, a notice specifying the reason for termination shall be sent as soon as possible after the termination to the non-terminating Party.

6. Notice: Any communication or notice regarding termination or any other provision of this Agreement shall be in writing and shall be given to the Parties or their designated representatives at the following addresses or at such other addresses that may be specified in writing by the Parties and must be delivered.

   a. Flash AI LLC (Flash AI)
      Attn: Trace Johnson, President Flash AI
      Address: 531 Schrock Road
      Address: Worthington, OH 43229

   b. ODRC
      Attn: Director Annette Chambers-Smith
      Operation Support Center
      P.O. Box 430
      Columbus, Ohio 43216

7. Compliance with Law: The Parties will comply with all laws, regulations, policies, and government guidelines applicable to the Proposed Use and their access to and use of the information. Each Party acknowledges and agrees that they are solely responsible for their compliance with such laws, regulations, policies, and guidelines. Each Party will have no obligations, responsibilities, or liabilities for the compliance of the other Parties with any and all laws, regulations, policies, guidelines, rules or other requirements applicable to the other Parties by virtue of the Proposed Use or possession and use of the information.

**CONFIDENTIALITY AND SECURITY PROCEDURES**

8. Flash AI LLC (Flash AI) agrees that no information, systems, or records made available to either Party will be used or disclosed for any purpose other than to fulfill the obligations specified herein. Flash AI LLC (Flash AI) specifically agrees to be bound by the same standards of confidentiality that apply to the employees of both Parties and the State of Ohio. The Parties specifically agree to comply with state and federal confidentiality laws and regulations, including but not limited to section 5120.21 of the Ohio Revised Code (O.R.C.). The Parties are responsible for obtaining copies of all applicable rules governing confidentiality and for ensuring compliance by all staff assigned to the activities herein.

9. Flash AI LLC (Flash AI) agrees and acknowledges that the information provided by one or both Parties may be considered confidential or proprietary under the laws of the State of Ohio or under federal law. If Flash AI LLC (Flash AI), as a private entity, receives a records request for information related to this document, Flash AI LLC (Flash AI) will promptly notify ODRC of the request. If ODRC believes there is information that is confidential or proprietary and should not be released, Flash AI LLC (Flash AI) will provide a reasonable period of time for ODRC to seek to have the confidential or proprietary information withheld from the document prior to releasing the information.

10. Flash AI LLC (Flash AI) expressly agrees that no reports, data, or other documents created from the confidential information of ODRC will be disclosed to third parties beyond those who have an active investigatory law enforcement purpose within the purpose of this Agreement. Flash AI LLC (Flash AI) agrees to inform such third parties of the confidential nature of the information disclosed and expectation that such confidentiality be maintained.

11. Flash AI LLC (Flash AI) agrees it shall not use any information, systems, or records made available to either Party for any purpose other than to fulfill the obligations specified herein. The information shared under this Agreement shall not be otherwise be shared or disclosed to any person or entity.

12. Flash AI LLC (Flash AI) agrees to comply with all federal and state laws, rules, regulations, and auditing standards that are applicable to the performance of this Agreement.

13. Flash AI LLC (Flash AI) agrees to comply with the safeguards and security requirements for disclosed information and appropriately protect the confidentiality, integrity, and availability of the electronic protected personal data that it creates, receives, maintains, or transmits under this Agreement.

14. Flash AI LLC (Flash AI) agrees that the above shared records, data, reports, and/or databases, and/or other derivative information shared under this Agreement shall be stored in an area that is physically safe from access from unauthorized persons during duty and non-duty hours. Information provided under this Agreement shall be protected electronically to prevent unauthorized access by computer, remote access, or any other means. No records will be accessed, tested, maintained, backed-up or stored outside of the United States.

15. Flash AI LLC (Flash AI) shall ensure that all persons who have access to the above referenced information shall be fully apprised as to the confidential nature of the information, the safeguards required to protect the information, and the applicable civil and criminal sanctions and penalties associated with any intentional or non-intentional disclosure of such information.

16. Flash AI LLC (Flash AI) agrees to maintain a list of each staff member who may access to the data provided under this Agreement.

17. Flash AI LLC (Flash AI) and ODRC will prepare data pursuant to the security and encryption standards found in Ohio Administrative Policy IT-13, Data Classification; Ohio IT Standard ITS-SEC-01, Data Encryption and Cryptography; Ohio Administrative Policy IT-14, Data Encryption and Securing Sensitive Data; and NIST Special Publication 800-53, Revision 4. ODRC and Flash AI LLC (Flash AI) shall retain this encryption while the data is in a portable format (e.g., tape, laptop, flash/USS drive).

**GENERAL PROVISIONS**

18. Entirety of Agreement. All terms and conditions of this Agreement are embodied herein. No other terms and conditions will be considered a part of this Agreement unless expressly agreed upon in writing and signed by both Parties.

19. Amendments. This Agreement may be modified or amended provided that any such modification or amendment is in writing and is signed by the Directors of the Parties. It is agreed, however, that any amendments to laws, rules, or regulations cited herein will result in the correlative modification of this Agreement, without the necessity for executing written amendments.

20. Partial Invalidity. This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of Ohio. Should any portion of this Agreement be unenforceable by operation of statute or by administrative or judicial decision, the operation of the balance of this Agreement is not affected thereby provided, however, the absence of the illegal provision does not render the performance of the remainder of the Agreement impossible. Should the removal of such an unenforceable provision render the intended performance under this Agreement difficult or nonsensical, but not impossible, the parties shall negotiate, in good faith, replacement provisions in keeping with the objectives of this Agreement and the budgetary and statutory constraints of the parties.

21. Liability. Neither Party shall be required to indemnify, defend, or hold harmless the other Party or any other entity from any claims for losses, costs, expenses, fees, damages, or liability arising out of or in connection with this Agreement. Each Party to this Agreement shall be responsible for its own acts and omissions and those of its officers, employees, and agents. In no event shall either Party be liable to the other Party for indirect, consequential, incidental, special, or punitive damages, or lost profits.

22. Resolution of Disputes. The Parties agree that the Directors of Flash AI LLC (Flash AI) and ODRC shall resolve any disputes between the Parties concerning responsibilities under, or performance of, any of the terms of this Agreement. In the event the Directors cannot agree to an appropriate resolution to a dispute, they shall be referred to the Office of the Governor for a final, binding determination resolving the dispute.

23. Records Retention: All records relating to this Agreement shall be retained and made available by both Parties for examination by the State of Ohio (including, but not limited to, the Auditor of the State of Ohio, the Ohio Inspector General, or any duly authorized law enforcement officials) and agencies of the United States Government for a minimum of three (3) years after termination of this Agreement. If an issue is initiated during this time period, both Parties shall retain such records until the issue is concluded and all issues resolved.

24. Ethics. Both Parties certify that by executing this Agreement, they have reviewed, know, and understand the State of Ohio's ethics and conflict of interest laws. Both Parties further agree they will not engage in any action(s) inconsistent with Ohio ethics and conflict of interest laws.

25. Civil Rights Assurance. Both Parties hereby agree that they will comply with Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et seq.) and the Age Discrimination Act of 1975 (42 U.S.C. § 6101 et seq.).

26. Certification of Compliance. Both Parties certify they are in compliance with all other applicable federal and state laws, regulations, and rules and will require the same certification from its subgrantees or subcontractors.

27. Counterpart. This Agreement may be executed in one, or more than one, counterpart, and each executed counterpart shall be considered an original, provided that such counterpart is delivered to the other Party by facsimile, mail courier or electronic mail, all of which together shall constitute one and the same agreement.

28. Availability of Funds. The obligations of the Parties under this Agreement are subject to the determination by the Director of Budget and Management that sufficient funds have been appropriated by the General Assembly to the Parties for the purposes of this Agreement and to the certification of the availability of such funds by the Director as required by O.R.C. section 126.07. Either Party may suspend or terminate this Agreement if the General Assembly fails to appropriate funds, if the Director of Budget and Management fails to certify that sufficient funds are available, or if federal grant funds are not available for any part of the work under this Agreement.

29. Force Majeure. If either Party is unable to perform any part of its obligations under this Agreement by reason of force majeure, the Party will be excused from its obligations, to the extent that its performance is prevented by force majeure, for the duration of the event. The Party must remedy with all reasonable dispatch the cause preventing it from carrying out its obligations under this Agreement. The term “force majeure” means without limitation: acts of God, such as epidemics, lightning, earthquakes, fires, storms, hurricanes, tornadoes, floods, washouts, droughts, or any other severe weather; explosions; restraint of government and people; war; strikes; and other like events or any other cause that could not be reasonably foreseen in the exercise of ordinary care, and that is beyond the reasonable control of the Party.

30. Both Parties will immediately notify their respective Agreement Managers of any suspected or actual violation(s) of the terms of this Agreement.

31. Both Parties shall act in compliance with Ohio law in the event of a breach of data security. Both Parties will notify their respective Agreement Managers within twenty-four (24) hours of a data breach.

The Parties, through their duly authorized representatives, hereby execute this Agreement on the below dates:

| Flash AI LLC (Flash AI) | Ohio Department of Rehabilitation and Correction |
|---|---|
| ______________________ | ______________________ |
| By: Trace Johnson, President Flash AI | By: Annette Chambers-Smith, Director |
| Date: ____________________ | Date: ____________________ |