**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LEO TECHNOLOGIES, LLC,**<br><br>**Plaintiff,**<br><br>**-vs-**<br><br>**FLASH AI, LLC,**<br><br>**Defendant.** | **Case No. 2:26-cv-00829**<br><br>**Judge Edmund A. Sargus**<br><br>**Magistrate Judge Chelsey M. Vascura** |

**RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on October 14, 2026, and was attended by:

T. Earl LeVere, counsel for plaintiff(s) Leo Technologies, LLC,

Kamran Vakili, counsel for plaintiff(s) Leo Technologies, LLC,

Michael M. Rosen, counsel for plaintiff(s) Leo Technologies, LLC,

Rachel A. Smoot, counsel for defendant(s) Flash AI, LLC,

R. Eric Gaum, counsel for defendant(s) Flash AI, LLC,

William A. Doyle, counsel for defendant(s) Flash AI, LLC,

Hannah S. Fereshtehkhou, counsel for defendant(s) Flash AI, LLC.

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes __X__No

2. INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

__X__Yes _____No _____The proceeding is exempt under Rule 26(a)(1)(B)

Such initial disclosures were made on October 13, 2026.

3. VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

_____Yes __X__No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by ___n/a___.

4. PARTIES AND PLEADINGS

a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by:_February 15, 2027____.

b. If the case is a class action, the parties agree that the motion for class certification shall be filed by__n/a______.

5. MOTIONS

a. Are there any pending motion(s)?

__X__Yes ___No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

Concurrently with this Rule 26(f) Report, Defendant is filing an opposed motion for a 60-day extension of its deadline to respond to the First Amended Complaint and a corresponding 60-day extension for all other deadlines in the case. As explained in the motion, the First Amended Complaint added counts for infringement of two U.S. patents directed to software that Defendant had no notice of until the filing of the First Amended Complaint on October 9, 2026. Plaintiff opposes Defendant's motion. Plaintiff offered to consent to a 28-day extension of Flash AI's answer deadline of October 23 if Defendant would accept the deadlines set forth in the Local Patent Rules. Defendant rejected that offer.

b. Are the parties requesting expedited briefing on the pending motion(s)?

__X__Yes _____No

If yes, identify the proposed expedited schedule: Defendant proposes a shortened schedule on its pending motion for 60 day extension as follows:

Opposition to be filed by _10/23/26_; Reply brief to be filed by _10/26/26_.

6. ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

Plaintiff LeoTech and Defendant Flash AI offer competing software and software-as-a-service systems utilizing AI-powered technology to provide investigative intelligence and inmate call monitoring for the public safety and criminal justice sectors. Plaintiff LeoTech asserts claims against Defendant Flash AI for unfair competition under the Federal Lanham Act, 15 U.S.C. § 1125(a), arising out of statements that Flash AI made in connection with the advertising and selling or licensing of Flash AI's competing software systems. Plaintiff LeoTech asserts related claims for unfair competition and deceptive trade practices under Ohio Revised Code Chapter 4165 and Ohio common law. Plaintiff LeoTech also claims that Defendant Flash AI's competing products and systems infringe Plaintiff LeoTech's U.S. Patent Nos. 11,258,895 and 11,838,440 (the "Asserted Patents") in violation of 35 U.S.C. § 271.

For Defendant's violations of the Lanham Act, Plaintiff LeoTech seeks a permanent injunction under 15 U.S.C. § 1116 against such further accused conduct by Defendant Flash AI. Plaintiff LeoTech also seeks, pursuant to 15 U.S.C. § 1117(a), to recover Defendant's profits and LeoTech's damages, including Defendant's profits and Plaintiff's lost profits on the contract that Flash AI executed with the Ohio Department of Rehabilitation and Corrections ("ODRC"). Plaintiff also seeks monetary compensation for the harm to LeoTech's goodwill, all the foregoing subject to enhancement and trebling under 15 U.S.C. § 1117(a).

On its claims for Defendant's violations of Ohio law, Plaintiff seeks an injunction pursuant to Ohio Revised Code § 4165.03(A) and Ohio common law. Plaintiff also seeks monetary relief in the form of a disgorgement of Defendant's profits and a recovery of Plaintiff's actual damages, subject to enhancement.

On its claims for patent infringement, Plaintiff LeoTech seeks a permanent injunction against further infringement of the Asserted Patents as authorized by 35 U.S.C. § 283. Plaintiff LeoTech also seeks to recover damages under 35 U.S.C. § 284 that are adequate to compensate Plaintiff for Defendant's alleged infringement, including LeoTech's lost profits, and in no event less than a reasonable royalty, together with supplemental damages through judgment. Plaintiff seeks to recover damages for past infringement as well as enhanced damages for willful infringement as permitted by 35 U.S.C. § 286 and 35 U.S.C. § 284, respectively.

Finally, on all of its claims, LeoTech seeks to recover its attorneys' fees and costs under 15 U.S.C. § 1117(a), Ohio Rev. Code § 4165.03(B), and 35 U.S.C. § 285, as well as pre-judgment and post-judgment interest.

Plaintiff has demanded a jury for all issues so triable.

Defendant contends that LeoTech's first three claims discussed above are nothing more than a disappointed bidder's effort to improperly use the Lanham Act and related state law claims as a collateral mechanism to attach a public procurement award. However, the Lanham Act does not create a claim for ordinary bid protests, disagreements about an agency's evaluation of competing proposals, or assertions that a rival's proposal was supposedly too optimistic, too inexpensive, or

insufficiently experienced. Yet that is all that LeoTech has pleaded.

LeoTech's first three claims identify no actionable "commercial activities or promotion" to the public, basing its claims on Flash AI's response to a single, closed, government Request for Proposal ("RFP") submitted to one purchaser (ODRC) as part of a competitive procurement. But that is not advertising to the relevant purchasing public. It is a bid-specific solicitation response directed to a lone governmental decisionmaker.

In addition, the first three claims fail to the extent they plead only conclusory allegations of false statements. In particular, the Complaint fails to allege specific facts plausibly establishing material deception as required by *Iqbal* and *Twombly*. Nor do the first three claims allege any plausible factual basis for the extraordinary assertion that, but for Flash AI's alleged statements, ODRC would have awarded the contract to LeoTech.

On Plaintiff's newly added patent infringement claims, Defendant only learned of the asserted patents on October 9, 2026 upon filing of the First Amended Complaint. At this time, Defendant has not had sufficient time to analyze the two patents, their claims, their prosecution histories, compare all 52 combined claims against its complex AI powered software accused of infringement, and search for and evaluate prior art to determine whether the patents are even valid.

Despite only learning of the '895 and '440 patents-in-suit on October 9, 2026, Defendant has been analyzing whether the patents-in-suit would be patent eligible under 35 U.S.C. § 101. Although preliminary at this time, Defendant believes that the patents-in-suit are invalid as being directed to patent ineligible subject matter in violation of Section 101 of the Patent Act.

As noted above, Defendant is seeking a 60-day extension of its deadline to respond to the First Amended Complaint and a corresponding 60-day extension for all other deadlines in the case because less than two weeks is not enough time to analyze and determine the facts and defenses in a complex patent litigation involving two AI-driven software patents.

Defendant intends to seek its attorneys' fees and costs under all applicable statutes in response to all claims being asserted by Plaintiff.

7. DISCOVERY PROCEDURES

a. The parties agree that all discovery shall be completed 60 days after the Court's ruling on claim construction. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

b. Do the parties anticipate the production of ESI? __X__ Yes_______ No

If yes, describe the protocol for such production: The parties plan to prepare a standalone protocol for the production of ESI, which they will submit to the Court for consideration.

c. Do the parties intend to seek a protective order or clawback agreement? Yes

If yes, such order or agreement shall be produced to the Court by November 16, 2026.

8. DISPOSITIVE MOTIONS

a. Any dispositive motions shall be filed within 30 days of the close of expert discovery.

b. Are the parties requesting expedited briefing on dispositive motions?

_____Yes __X__No

If yes, identify the proposed expedited schedule:

Opposition to be filed by__________; Reply brief to be filed by__________.

9. EXPERT TESTIMONY

a. Primary expert reports must be produced 30 days after the close of fact discovery.

b. Rebuttal expert reports must be produced 60 days after the close of fact discovery.

c. Expert discovery will close 90 days after the close of fact discovery.

10. SETTLEMENT

Plaintiff(s) will make a settlement demand by: June 15, 2027 . Defendant will respond within seven days of Plaintiff's demand. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request leave to seek a Court-facilitated settlement conference if the parties reach a point where they believe such a conference would be productive.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11. RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

__X__ Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place _______ in chambers __X____ by telephone.

_____ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12. OTHER MATTERS

Indicate any other matters for the Court's consideration:

This Court's Local Patent Rules impose additional deadlines on this proceeding. The parties are attaching a table showing those deadlines imposed as well as the deadlines referenced above in this Rule 26(f) Report. The table includes a separate column showing what the deadlines would be should the Court grant Defendant's concurrently filed, opposed motion for a 60-day extension of all deadlines. Events shown in red reflect dates set forth herein. Entries shown in black are from the S.D. Ohio Local Patent Rules.

Signatures:

Attorney for Plaintiff(s):

s/ T. Earl LeVere
T. Earl LeVere (0063515), Trial Attorney
Kristina Dahmann (0096414)
Ryland A. Doerr (0102344)
**Ice Miller LLP**
250 West Street, Suite 700
Columbus, Ohio 43215
T: 614.462.2700
F: 614.462.5135
Earl.LeVere@icemiller.com
Kristina.Dahmann@icemiller.com
Ryland.Doerr@icemiller.com

Michael R. Rosen, *pro hac vice*
**Irell & Manella LLP**
750 17th Street NW, Suite 850
Washington, DC 20006
T: 202-777-6520
F: 310.556.5272
mrosen@irell.com

*Counsel for Plaintiff Leo Technologies, LLC*

Attorney for Defendant(s):

s/ Rachel A. Smoot
Rachel A. Smoot (0092296)
**Taft Stettinius & Hollister LLP**
41 S. Hight Street, Suite 1800
Columbus, Ohio 43215
T: 614-221-2838
F: 614-221-2007
RSmoot@taftlaw.com

Philip R. Bautista (0073272)
**Taft Stettinius & Hollister LLP**
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
T: 216-241-2838
F: 216-241-3707
PBautista@taftlaw.com

*Counsel for Defendant Flash AI, LLC*